## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Gregory P. Violette and Barbara A. Violette** | **CIVIL ACTION NO:** |
| **Plaintiffs** | |
| **vs.** | |
| | **NOTICE OF REMOVAL** |
| **Carrington Mortgage Services, LLC, and Shirley Carrington, President, Her Bond and John Doe One** | |
| **Defendants** | |

NOW COMES Defendant, Carrington Mortgage Services, LLC ( "Carrington"), by and through undersigned counsel, and removes to this Court the civil action pending in the Maine District Court, Somerset County, captioned Gregory P. Violette, et al. v. Carrington Mortgage Services, LLC, et al., Docket No. SKODC-REA-2026-00004 (the "State Court Action"), and states as follows:

1. On or about February 20, 2026, Plaintiffs Gregory P. Violette and Barbara A. Violette filed in the Skowhegan District Court, Somerset County, a Verified Complaint for Declaratory and Injunctive Relief against Carrington and Shirley Carrington. The complaint concerns alleged servicing of a mortgage loan ("Loan") and enforcement activity relating to property located at 62 Old Point Ave, Madison, Maine 04950 ("Property").

2. The complaint expressly asserts claims under federal law, including alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g and 1692e, and RESPA Regulation X, 12 C.F.R. §§ 1024.35 and 1024.36.

3. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's complaint presents federal questions on its face.

4. Removal is proper under 28 U.S.C. § 1441(a) because the State Court Action is a civil action

over which this Court has original jurisdiction, and the action is pending within the District of Maine.

5. Removal is timely under 28 U.S.C. § 1446(b) because Carrington has not yet been formally served with process, and the 30-day removal clock has not begun.

6. Pursuant to 28 U.S.C. § 1446(a), Carrington attaches hereto true and correct copies of the pleadings of which it is aware in the State Court Action, including the complaint. No process, pleadings, or orders have yet been served upon Carrington in the State Court Action.

7. On information and belief, Defendants "Shirley Carrington, President, Her Bond," if such person exists, and "John Doe One" have not been properly joined or served in the State Court Action. Accordingly, their consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A). *See also, e.g., Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003) ("the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown").

8. This Court also has original jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the value of $75,000 and is between citizens of different states.

9. The unpaid principal balance of the Loan is over $140,000, and the estimated value of the Property is approximately $225,000.

10. On information and belief, Plaintiffs are citizens of the State of Maine.

11. Carrington is a Delaware limited liability company whose citizenship is determined by the citizenship of its members. *See, e.g., Gore and Ass. Mgmt v. SLSCO*, 157 F.4th 83, 85 n.1 (1st Cir. 2025).

12. Carrington's members are Carrington Holding Company, LLC ("Carrington Holding") and Carrington Investment Partners, L.P. ("Carrington Investments").

13. Carrington Holding is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC (the "Carrington Companies").

14. Carrington Investment is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC ("Carrington Capital").

15. Carrington Capital is a Delaware limited liability company, whose members are Carrington Holding and a natural person. The natural person is not a citizen of the State of Maine.

16. The Carrington Companies is a Delaware limited liability company, whose members are two natural persons who are not citizens of the State of Maine.

17. Upon filing this Notice of Removal, Carrington will promptly provide written notice to Plaintiffs and file a copy of this Notice with the clerk of the Maine District Court, Somerset County, as required by 28 U.S.C. § 1446(d).

18. Carrington reserves all defenses, objections, and motions available under Federal Rule of Civil Procedure 12, including without limitation defenses relating to service, jurisdiction, failure to state a claim, and the legal sufficiency of any claims asserted in the complaint.

WHEREFORE, Defendant Carrington Mortgage Services, LLC removes this action from the Skowhegan District Court, Somerset County, to the United States District Court for the District of Maine.

DATED: April 3, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq. hereby certify that on April 3, 2026 I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Gregory P. Violette
62 Old Point Ave
Madison, ME 04950

Barbara A. Violette
62 Old Point Ave
Madison, ME 04950