**STATE OF MAINE**

DISTRICT COURT                                                    CIVIL ACTION
SOMERSET, SS.                                                     DOCKET No.:
**GREGORY P. VIOLETTE AND**
**BARBARA A VIOLETTE,**
 Plaintiffs,

v.

**Carrington Mortgage Services, LLC,**
**Shirley Carrington, President, Her Bond John Doe One,**
 Defendants.


# VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs **Gregory P. Violette** and **Barbara A. Violette** ("Plaintiffs"), appearing **pro se**, brings this Verified Complaint against Defendants **Carrington Mortgage Services, LLC** ("Carrington"), and **Shirley Carrington, President, Her Bond John Doe One** and alleges as follows:


# I. PARTIES

1.  Plaintiffs **Gregory P. Violette and Barbara A Violette** is a natural person and claims ownership and lawful possessory interest in the real property located at **62 Old Point Ave, Madison, Maine 04950** ("Subject Property").
2.  Defendant **Carrington Mortgage Services, LLC** is a mortgage servicer and alleged debt collector that claims authority to service, collect, and/or enforce an alleged mortgage loan associated with the Subject Property.

1

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to **14 M.R.S. §§ 5951–5963** (Maine Declaratory Judgments Act) and the Court's inherent equitable powers.
4. Venue is proper in this Court because the Subject Property is located in the State of Maine, and Defendant claims an interest affecting title to Maine real property.

## III. FACTUAL ALLEGATIONS

5. Carrington claims authority to service and/or enforce an alleged mortgage loan identified as **Loan No. 3000077297**.
6. Plaintiff disputes Carrington's authority, standing, and real-party-in-interest status.
7. On **December 10, 2025**, Plaintiff served Carrington with a **written notice demanding validation, verification, and proof of authority**, including but not limited to:

a. Proof of standing and real-party-in-interest status

b. Authority to enforce the alleged promissory note

c. Production of the original promissory note and all endorsements or allonges

d. A complete loan accounting from inception

e. Disclosures required under **FDCPA**, **TILA**, and **RESPA Regulation X**

8. More than **thirty-five (35) days** have elapsed since service of the notice.
9. Carrington **failed and refused to provide the requested validation, accounting, or proof of authority**.
10. Despite its failure to validate, Carrington continues to assert enforcement rights, creating a **cloud on title**, impairing Plaintiff's property rights, and exposing Plaintiff to the risk of **wrongful foreclosure**.
11. Under Maine law, a party lacking standing or authority may not lawfully foreclose or enforce a mortgage obligation.

# IV. CAUSES OF ACTION

## COUNT I — DECLARATORY JUDGMENT

(14 M.R.S. §§ 5951–5963)

12. An actual, justiciable controversy exists regarding Carrington's claimed authority to enforce the alleged loan.
13. Plaintiff seeks a declaration determining:

a. Whether Carrington is the real party in interest
b. Whether Carrington has authority to enforce the alleged note and mortgage
c. Whether enforcement actions without validation violate state and federal law

## COUNT II — LACK OF STANDING / REAL PARTY IN INTEREST

14. Carrington has failed to demonstrate possession of the note or lawful authority to enforce it.
15. Absent standing, Carrington is barred from foreclosure or collection activity.

## COUNT III — FDCPA VIOLATIONS

(15 U.S.C. §§ 1692g, 1692e)

16. Carrington is a "debt collector" as defined by the FDCPA.
17. Plaintiff timely disputed the alleged debt in writing.
18. Carrington failed to validate the debt and continued to assert enforcement rights, in violation of federal law.

## COUNT IV — RESPA REGULATION X VIOLATIONS

(12 C.F.R. §§ 1024.35 & 1024.36)

3

19. Plaintiff's written notice constituted a Qualified Written Request and/or Request for Information.
20. Carrington failed to respond within required statutory timeframes.

## COUNT V — EQUITABLE RELIEF / PREVENTION OF WRONGFUL FORECLOSURE

21. Equity will not permit foreclosure of absent proof of lawful authority.
22. Plaintiff faces irreparable harm, including loss of real property and impairment of title, without injunctive relief.

# V. INJUNCTIVE RELIEF

23. Plaintiff seeks an order enjoining Carrington from initiating or continuing foreclosure or enforcement activity unless and until lawful standing and validation are established.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Carrington lacks authority absent proof of standing
B. Enjoin foreclosure or enforcement activity pending compliance
C. Order production of validation and accounting
D. Award statutory damages under FDCPA and RESPA
E. Award costs and such further relief as the Court deems just and proper

# VERIFICATION

I, **Gregory P. Violette**, declare under penalty of perjury under the laws of the State of Maine that the foregoing is true and correct to the best of my knowledge.

4



Gregory P. Violette, Pro Se

Dated this 3rd day of February 2026.

I, **Barbara A Violette**, declare under penalty of perjury under the laws of the State of Maine that the foregoing is true and correct to the best of my knowledge.

Barbara A. Violette, Pro Se

Dated this 3rd day of February 2026.

5