**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA-**
**NORTHERN DIVISION**

RECEIVED

2026 FEB -4 A 10: 37

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Gregory Paul Violette,

Barbara A Violette,

Plaintiffs,

Vs.

Carrington Mortgage Services, LLC et al

Defendants.

**CASE NO. 2:26-cv-00064-BL-JTA**
FORMERLY No.: 23-CV-2025-900180
In the Circuit Court of Covington
County, Alabama

## PLANTIFF'S MOTION TO REMAND TO THE COVINGTON COUNTY ALABAMA CIRCUIT COURT

COME NOW the Plaintiffs, Gregory Paul Violette and Barbara A. Violette, appearing **pro se**, and respectfully move this Honorable Court to **remand this action to the Circuit Court of Covington County, Alabama**, pursuant to **28 U.S.C. § 1447(c)**, for lack of subject-matter jurisdiction. In support thereof, Plaintiffs state as follows:

# I. PROCEDURAL BACKGROUND

1. This action was originally filed in the **Circuit Court of Covington County, Alabama**, asserting claims arising from **fraud, breach of contract, conversion, escrow mismanagement, fiduciary duty violations, and unfair/deceptive practices** related to Defendants' mortgage servicing conduct.

1



2. Defendants removed this action to federal court, alleging federal jurisdiction.

3. Removal was improper because **this Court lacks original jurisdiction**, and all doubts regarding removal must be resolved in favor of remand.

# II. LEGAL STANDARD

Federal courts are courts of **limited jurisdiction**. Removal statutes are **strictly construed**, and the removing party bears the burden of establishing federal jurisdiction.

*See* **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).

If at any time it appears that the district court lacks subject-matter jurisdiction, **the case must be remanded**.

28 U.S.C. § 1447(c).

# III. THIS COURT LACKS FEDERAL QUESTION JURISDICTION

### A. The Well-Pleaded Complaint Rule Controls

Under **28 U.S.C. § 1331**, federal jurisdiction exists only when a federal question appears on the **face of a properly pleaded complaint**.

*Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

Plaintiffs' complaint is **not a federal cause of action complaint**. It is fundamentally a **state-law fraud and contract action** involving:

- Breach of mortgage and escrow agreements
- Conversion and wrongful retention of funds
- Fiduciary duty violations
- Unfair and deceptive business practices

Any reference to **RESPA** is **incidental and supportive**, used only to demonstrate **unlawful conduct** and **industry standards**, not to assert an independent federal claim.

## B. No Substantial Federal Issue Is Required to Be Resolved

A case does not "arise under" federal law merely because a federal statute is referenced.
*Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).

Plaintiffs can prevail entirely on **state law grounds** without this Court interpreting or enforcing federal law. Therefore, federal jurisdiction does not exist.

# IV. THIS COURT LACKS DIVERSITY JURISDICTION

## A. Complete Diversity Is Absent

Under **28 U.S.C. § 1332**, diversity jurisdiction requires **complete diversity** between all Plaintiffs and all Defendants.

Plaintiffs are **citizens of Alabama**.
At least one Defendant is either:

- A citizen of Alabama, **and/or**
- An entity whose members include Alabama citizens (LLC citizenship rule), **and/or**
- A properly named in-state defendant (including executive officers and agents sued in their official and individual capacities)

Thus, **complete diversity does not exist**, and removal under § 1332 is improper.

## B. The Forum Defendant Rule Bars Removal

Even if diversity were alleged, removal is barred under **28 U.S.C. § 1441(b)(2)** when any properly joined defendant is a citizen of the forum state (Alabama).

# V. STATE LAW CLAIMS PREDOMINATE

This action concerns:

- Mortgage escrow handling
- Contractual duties
- Property-related financial misconduct
- Consumer fraud under state law

These are matters traditionally reserved to **state courts**, and principles of **comity and federalism** strongly favor remand.

# VI. REMAND IS MANDATORY

Because Defendants have failed to establish:

- Federal question jurisdiction, **and**
- Diversity jurisdiction,

This Court **must remand** the action to state court.

# VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. **Grant this Motion to Remand**;
2. **Remand this action to the Circuit Court of Covington County, Alabama**;
3. Award Plaintiffs costs and fees incurred as a result of improper removal, pursuant to **28 U.S.C. § 1447(c)**; and
4. Grant such other and further relief as the Court deems just and proper.

4

Dated at Andalusia, AL, on the 2nd day of February 2025.


**Gregory Paul Violette, Pro Se Plaintiff**
19992 Airport Rd
Andalusia, AL 36421
Phone: 207-399-7567

**Barbara A. Violette, Pro Se Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of January 2026, a copy of the foregoing Motion

**PLANTIFF'S MOTION TO REMAND TO THE COVINGTON COUNTY ALABAMA CIRCUIT COURT** was served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

Bradley Arant Boult Cummings, LLP

One Federal Place

1819 Fifth Ave North

Birmingham, AL 35203

Gregory Paul Violette



MONTGOMERY
3 FEB 2026

FREEDOM FOREVER/USA
FREEDOM FOREVER/USA
FREEDOM FOREVER/USA

US District Court
B-110
One Church Street
Montgomery, AL 36104

36104-401801

19992 Airport Rd
Andalusia, AL 36421