UNITED STATES DISTRICT COURT DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED AND FILED

APR 2 1 2026

JENNIFER P. LYONS, CLERK

BY_____
DEPUTY CLERK

**GREGORY P. VIOLETTE and
BARBARA A. VIOLETTE,**

Plaintiffs,

v.

Civil Action No.: _____

Former Case: **DOCKET NO.: SKODC-REA-2026-00004**

CARRINGTON MORTGAGE SERVICES, LLC, et al.,

Defendants.

## PLAINTIFFS' MOTION TO REMAND AND FOR COSTS AND FEES

Plaintiffs Gregory P. Violette and Barbara A. Violette, proceeding pro se, respectfully move this Court to **remand this action to the Maine District Court (Somerset County)** pursuant to **28 U.S.C. § 1447(c)** and state as follows:

## I. INTRODUCTION

Defendants removed this action on or about **April 3, 2026**, well beyond the **30-day statutory deadline** imposed by **28 U.S.C. § 1446(b)**.

Because the removal is **untimely and procedurally defective**, remand is mandatory.

Additionally, because the defect is clear on the face of the record, Plaintiffs seek **costs and fees** incurred as a result of the improper removal.

1

## II. RELEVANT FACTS

1. Plaintiffs filed their Verified Complaint in the Maine District Court on **February 3, 2026**.
2. Defendants were served with the Complaint on **February 9, 2026**.
3. Defendants filed a Notice of Removal on or about **April 3, 2026**.
4. The Notice of Removal was filed approximately **53 days after service**.

## III. LEGAL STANDARD

### A. 30-Day Removal Requirement

Under **28 U.S.C. § 1446(b)(1)**:

A defendant must file a notice of removal within 30 days after service of the initial pleading.

This requirement is:

- Mandatory
- Strictly construed
- Enforced against removal

### B. Remand for Procedural Defects

Under **28 U.S.C. § 1447(c)**:

A case shall be remanded if there is any defect in removal procedure.

Untimely removal is a classic procedural defect requiring remand upon motion.

## IV. ARGUMENT

### A. Defendants' Removal Was Untimely as a Matter of Law

Defendants were served on:

2

**February 9, 2026**

The statutory deadline expired on:

**March 11, 2026**

Defendants filed removal on:

**April 3, 2026**

This is **23 days late.**

Courts uniformly hold that failure to comply with § 1446(b) requires remand.

## B. The Removal Statute Must Be Strictly Construed

Federal courts strictly construe removal statutes against removal and in favor of remand.

Any doubt must be resolved in favor of state court jurisdiction.

Defendants, as the removing party, bear the burden of compliance and have failed to meet it.

## C. Plaintiffs Timely Object to the Procedural Defect

Plaintiffs bring this Motion within the time permitted under **28 U.S.C. § 1447(c)** and expressly preserve all objections to removal.

## D. Removal Is Additionally Defective on Jurisdictional Grounds (Alternative Argument)

Without conceding jurisdiction, Plaintiffs further state:

1. This action is fundamentally a **state-law property and standing dispute**
2. The claims arise under:

   a. Maine declaratory judgment law

   b. Maine property law

3. Any references to federal statutes (FDCPA, RESPA, TILA) do not automatically create federal jurisdiction where:

   a. They are asserted as part of a broader state-law claim

   b. They do not present a substantial federal question

Accordingly, federal jurisdiction is doubtful and should be rejected under the well-pleaded complaint rule.

## E. Plaintiffs Are Entitled to Costs and Fees

Under **28 U.S.C. § 1447(c)**, the Court may award:

- Costs
- Attorney's fees (including pro se litigation costs)

Where removal lacks an objectively reasonable basis, such an award is appropriate.

Here:

- The 30-day violation is clear
- The timeline is undisputed
- No reasonable basis exists for late removal

Therefore, fees and costs should be awarded.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. **Remand this action** to the Maine District Court (Somerset County)

B. Award **costs and expenses** incurred as a result of the improper removal

C. Grant such other and further relief as the Court deems just and proper

4

## VI. CONCLUSION

Defendants failed to comply with the mandatory statutory deadline for removal. As a result, their removal is procedurally defective, and remand is required as a matter of law.

Dated this 14th day of April 2026 at Andalusia, AL 36421

Respectfully submitted,

**Gregory P. Violette, Pro Se**
**19992 Airport Rd**
**Andalusia, AL 36421**
**207-399-7567**

**Barbara A. Violette, Pro Se**

CERTIFICATE OF SERVICE

I certify that a copy of this Motion was served upon Defendants or their counsel on this 14th day of April 2026, by US Mail 1st Class Postage Paid.


Gregory Paul Violette