**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Gregory P. Violette and Barbara A. Violette** | **CIVIL ACTION NO: 1:26-cv-00174-JAW** |
| **Plaintiffs** | |
| **vs.** | |
| **Carrington Mortgage Services, LLC,** **and Shirley Carrington, President, Her Bond** **and John Doe One** | |
| **Defendants** | |

**DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Carrington Mortgage Services, LLC ("Carrington"), through counsel, answers

the Verified Complaint for Declaratory and Injunctive Relief [Doc. 1-2] ("Complaint") filed by

Plaintiffs Gregory P. Violette and Barbara A. Violette ("Plaintiffs") as follows:

**ANSWER TO ALLEGATIONS**
**IN SECTION I – PARTIES**

1.      Plaintiffs **Gregory P. Violette and Barbara A Violette** is a natural person and claims ownership and lawful possessory interest in the real property located at **62 Old Point Ave, Madison, Maine 04950** ("Subject Property").

**ANSWER:** Carrington lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in this Paragraph.

2.      Defendant **Carrington Mortgage Services, LLC** is a mortgage servicer and alleged debt collector that claims authority to service, collect, and/or enforce an alleged mortgage loan associated with the Subject Property.

**ANSWER:**  Carrington admits only that it is a limited liability company organized under the laws

of the State of Delaware, that it is authorized to and sometimes does transact business in the State

of Maine and other states, that it sometimes acts as a mortgage loan servicer, including by taking

action in connection with the collection of debt, and that it was the originator and servicer of a mortgage loan ("Loan") secured by a Mortgage against real property commonly known as 62 Old Point Avenue, Madison, Maine 04950 ("Property"). Carrington otherwise denies the allegations contained in this Paragraph.

## ANSWER TO ALLEGATIONS IN
## SECTION II – JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to **14 M.R.S. §§ 5951-5963** (Maine Declaratory Judgments Act) and the Court's inherent equitable powers.

**ANSWER:** Carrington denies that the Skowhegan District Court, Somerset County ("State Court") currently has jurisdiction over this matter. Carrington does not dispute this Court's jurisdiction.

4. Venue is proper in this Court because the Subject Property is located in the State of Maine, and Defendant claims an interest affecting title to Maine real property.

**ANSWER:** Carrington admits that the Property is located in the State of Maine and otherwise denies the allegations contained in this Paragraph, including that the State Court is the proper venue to hear this matter. Carrington does not dispute that this Court is the proper venue to hear this matter.

## ANSWER TO ALLEGATIONS IN
## SECTION III – FACTUAL ALLEGATIONS

5. Carrington claims authority to service and/or enforce an alleged mortgage loan identified as **Loan No. xxxxxx7297**.

**ANSWER:** Carrington admits only that it was the originator and servicer of the Loan and otherwise denies the allegations contained in this Paragraph.

6. Plaintiff disputes Carrington's authority, standing, and real-party-in-interest status.

**ANSWER:** Carrington admits only that Plaintiffs make various allegations and seek various forms of relief in the Complaint but denies that it engaged in any violations of law or other

wrongdoing, denies any and all alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.

7.      On **December 10, 2025,** Plaintiff served Carrington with a **written notice demanding validation, verification, and proof of authority,** including but not limited to:

a.      Proof of standing and real-party-in-interest status
b.      Authority to enforce the alleged promissory note
c.      Production of the original promissory note and all endorsements or allonges
d.      A complete loan accounting from inception
e.      Disclosures required under **FDCPA, TILA,** and **RESPA Regulation X**

**ANSWER:** Carrington admits that it received multiple communications from Plaintiffs in several months of 2025 but denies that it received or was served with any communication on December 10, 2025, and otherwise denies the remaining allegations contained in this Paragraph, including each and every subparagraph.

8.      More than **thirty-five (35) days** have elapsed since service of the notice.

**ANSWER:** Carrington lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph, including as to which communication Plaintiffs reference in this Paragraph.

9.      Carrington **failed and refused to provide the requested validation, accounting, or proof of authority**.

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

10.      Despite its failure to validate, Carrington continues to assert enforcement rights, creating a **cloud on title,** impairing Plaintiff's property rights, and exposing Plaintiff to the risk of **wrongful foreclosure**.

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

11.      Under Maine law, a party lacking standing or authority may not lawfully foreclose or enforce a mortgage obligation.

**ANSWER:** Carrington submits that the allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a

3

response may be required, Carrington lacks knowledge or information sufficient to form a belief about the truth of the allegations. Carrington denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.

**ANSWER TO ALLEGATIONS IN SECTION IV**
**(Count I – Declaratory Judgment)**

12.     An actual, justiciable controversy exists regarding Carrington's claimed authority to enforce the alleged loan.

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

13.     Plaintiff seeks a declaration determining:

a.     Whether Carrington is the real party in interest
b.     Whether Carrington has authority to enforce the alleged note and mortgage
c.     Whether enforcement actions without validation violate state and federal law

**ANSWER:** Carrington admits that Plaintiffs make various allegations and seek various forms of relief in the Complaint but denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.

**ANSWER TO ALLEGATIONS IN SECTION IV**
**(Count II – Lack of Standing/Real Party in Interest)**

14.     Carrington has failed to demonstrate possession of the note or lawful authority to enforce it.

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

15.     Absent standing, Carrington is barred from foreclosure or collection activity.

**ANSWER:** Carrington denies the allegations contained in this Paragraph.

**ANSWER TO ALLEGATIONS IN SECTION IV**
**(Count III – FDCPA Violations)**

16.     Carrington is a "debt collector" as defined by the FDCPA.

**ANSWER:** Carrington submits that the allegations contained in this Paragraph constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent a response may be required, Carrington denies the allegations.

17.    Plaintiff timely disputed the alleged debt in writing.

**ANSWER:**  Carrington denies the allegations contained in this Paragraph.

18.    Carrington failed to validate the debt and continued to assert enforcement rights, in violation of federal law.

**ANSWER:**  Carrington denies the allegations contained in this Paragraph.

## ANSWER TO ALLEGATIONS IN SECTION IV
### (Count IV – RESPA Regulation X Violations)

19.    Plaintiff's written notice constituted a Qualified Written Request and/or Request for Information.

**ANSWER:**  Carrington submits that the allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response may be required, Carrington denies the allegations.

20.    Carrington failed to respond within required statutory timeframes.

**ANSWER:**  Carrington denies the allegations contained in this Paragraph.

## ANSWER TO ALLEGATIONS IN SECTION IV
### (Count V – Equitable Relief/Prevention of Wrongful Foreclosure)

21.    Equity will not permit foreclosure of absent proof of lawful authority.

**ANSWER:** Carrington submits that the allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response may be required, Carrington lacks knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations. Carrington denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.

22.     Plaintiff faces irreparable harm, including loss of real property and impairment of title, without injunctive relief.

**ANSWER:**  Carrington denies the allegations contained in this Paragraph.

**ANSWER TO ALLEGATIONS IN**
**SECTION V – INJUNCTIVE RELIEF**

23.     Plaintiff seeks an order enjoining Carrington from initiating or continuing foreclosure or enforcement activity unless and until lawful standing and validation are established.

**ANSWER:**  Carrington admits that Plaintiffs make various allegations and seek various forms of relief in the Complaint but denies that it engaged in any violations of law or other wrongdoing, denies any and all alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, Carrington states as follows:

1.     On or about April 9, 2021, Carrington extended a mortgage loan to Plaintiff Gregory P. Violette ("Mr. Violette") in the original principal amount of $154,900 ("Loan") in exchange for a Note from Mr. Violette promising to repay the Loan pursuant to its terms ("Note").

2.     To secure the Loan and Note, Mr. Violette granted a Mortgage dated April 9, 2021, and recorded on April 15, 2021 ("Mortgage"), on real property commonly known as 62 Old Point Avenue, Madison, Maine 04950 ("Property").

3.     Plaintiff Barbara A. Violette ("Ms. Violette") did not sign the Note or Mortgage and did not have any personal obligation under the Loan.

4.     On December 23, 2025, Carrington received a communication from Mr. Violette dated December 10, 2025 ("December Communication").

5.     Carrington provided a written response to Mr. Violette's December Communication on January 28, 2026.

6

6.    Upon information and belief, in or around April 2026, Mr. Violette paid the Loan in full.

## FIRST AFFIRMATIVE DEFENSE
### (As to All Counts)

7.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

8.    To the extent Plaintiffs suffered any alleged actual damages, the existence of which Carrington expressly denies, the alleged damages are barred and/or limited in whole or in part by Plaintiffs' own failure to mitigate the alleged damages.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## SECOND AFFIRMATIVE DEFENSE
### (As to All Counts)

9.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

10.    To the extent Plaintiffs suffered any alleged actual damages, the existence of which Carrington expressly denies, the alleged damages were caused in whole or in part by Plaintiff's own acts or omissions.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**THIRD AFFIRMATIVE DEFENSE**
**(As to All Counts)**

11.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

12.    To the extent Plaintiffs suffered any alleged actual damages, the existence of which Carrington expressly denies, the alleged damages were caused in whole or in part by individuals and/or entities over whom Carrington had no control, right of control or responsibility.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**FOURTH AFFIRMATIVE DEFENSE**
**(As to All Counts)**

13.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

14.    For any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Carrington was not the proximate cause of the alleged injuries.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**FIFTH AFFIRMATIVE DEFENSE**
**(As to All Counts)**

15.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

16.    Counts I, II, and V of the Complaint seek various forms of relief related to the

8

enforceability of the Loan, Note, and Mortgage.

17. Ms. Violette did not sign the Note or Mortgage and did not have any personal obligation under the Loan.

18. Ms. Violette lacks standing to seek the relief sought in Counts I, II, and V of the Complaint.

19. Count III of the Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

20. As to the allegations in the Complaint, Ms. Violette is not a "consumer" as the FDCPA defines that term.

21. Ms. Violette lacks standing to pursue alleged violations of the FDCPA.

22. Count IV of the Complaint alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, *et seq.* ("RESPA").

23. Ms. Violette is not a borrower under RESPA.

24. Ms. Violette lacks standing to pursue alleged violations of RESPA.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### SIXTH AFFIRMATIVE DEFENSE
### (As to Counts I, II, and V)

25. Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

26. Counts I, II, and V of the Complaint seek various forms of relief related to the enforceability of the Loan, Note, and Mortgage.

27. Because the Loan has been paid in full, no live controversy continues to exist

regarding Counts I, II, and V, and the Court cannot grant any effectual relief on those counts.

28.     Accordingly, Counts I, II, and V are moot.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## SEVENTH AFFIRMATIVE DEFENSE
### (As to Counts I, II, and V)

29.     Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

30.     Counts I, II, and V of the Complaint seek various forms of relief related to the enforceability of the Loan, Note, and Mortgage.

31.     Plaintiffs voluntarily paid the full amount due on the Loan before the full amount was contractually due with full knowledge of the facts alleged in the Complaint.

32.     Plaintiffs did not pay off the Loan under protest or coercion.

33.     Counts I, II, and V of the Complaint are barred in whole or in part by the Voluntary Payment Doctrine.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## EIGHTH AFFIRMATIVE DEFENSE
### (As to Counts I, II, and V)

34.     Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

35.     Counts I, II, and V of the Complaint seek equitable relief related to the

enforceability of the Loan, Note, and Mortgage.

36.     Plaintiffs' disputes and objections to the Loan, Note, and Mortgage in the Complaint and throughout the life of the Loan were not and are not made in good faith.

37.     Counts I, II, and V of the Complaint are barred in whole or in part by Plaintiffs' unclean hands.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## NINTH AFFIRMATIVE DEFENSE
### (As to Count III)

38.     Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

39.     Count III of the Complaint alleges violations of the FDCPA.

40.     As the original lender of the Loan, Carrington is a "creditor" as that term is defined under the FDCPA.

41.     Carrington is not a "debt collector" as that term is defined under the FDCPA.

42.     Since Carrington is not a debt collector under the FDCPA, as required, Carrington cannot be liable for any alleged violation of the FDCPA in Count III.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## TENTH AFFIRMATIVE DEFENSE
### (As to Count III)

43.     Carrington restates and incorporates by reference the facts stated in Paragraphs 1

through 6 of its Affirmative Defenses above.

44.     Count III of the Complaint alleges violations of the FDCPA.

45.     Mr. Violette did not secure the Loan primarily for personal, family, or household purposes.

46.     The Loan does not constitute "debt" as that term is defined under the FDCPA.

47.     Since the Loan is not a debt under the FDCPA, as required, Carrington cannot be liable for any alleged violation of the FDCPA in Count III.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## ELEVENTH AFFIRMATIVE DEFENSE
### (As to Count III)

48.     Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

49.     Count III of the Complaint alleges violations of the FDCPA.

50.     Carrington denies that it violated the FDCPA or is otherwise liable under the FDCPA.

51.     Nevertheless, any alleged violation of the FDCPA by Carrington would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Carrington's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

52.     More specifically, Carrington's processes and procedures include, without limitation, strict prohibitions against attempting to in any way mislead or deceive borrowers on mortgage loans serviced by Carrington.

53.    Therefore, any alleged error in Carrington's communications or actions taken regarding the Loan, the Property, the Note, or the Mortgage, which Carrington expressly denies, were not the result of a knowing or intentional act or acts by Carrington and would thus be an unknowing and unintentional bona fide error, notwithstanding the maintenance of mandatory processes and procedures reasonably adapted by Carrington to avoid any such error.

54.    Accordingly, even if a violation of the FDCPA had in fact occurred as alleged, which Carrington denies, Carrington still would not be liable pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## TWELFTH AFFIRMATIVE DEFENSE
### (As to Count IV)

55.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

56.    Count IV of the Complaint alleges violations of RESPA and its implementing regulations ("Regulation X").

57.    The Property is not "residential real property" and the Loan is not a "residential real estate loan" within the meaning of those terms under RESPA and Regulation X.

58.    Because the Property is not "residential real property" and the Loan is not a "residential real estate loan," the Loan is not a "federally related mortgage loan" as that term is defined under RESPA and Regulation X.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

13

## THIRTEENTH AFFIRMATIVE DEFENSE
### (As to Count IV)

59.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

60.    Count IV of the Complaint alleges violations of 12 C.F.R. §§ 1024.35, 1024.36 of Regulation X.

61.    Sections 1024.35 and 1024.36 of Regulation X do not create private rights of action under RESPA.

WHEREFORE, Carrington requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (As to Count IV)

62.    Carrington restates and incorporates by reference the facts stated in Paragraphs 1 through 6 of its Affirmative Defenses above.

63.    Count IV of the Complaint seeks relief for alleged violations of RESPA and Regulation X pursuant to 12 U.S.C. § 2605(f), including statutory damages and costs.

64.    Plaintiffs did not suffer any actual damages from any purported violations of RESPA or Regulation X.

65.    Any alleged violations of RESPA, which Carrington expressly denies, did not arise from a pattern or practice of noncompliance with RESPA's requirements.

66.    Plaintiffs are not entitled to recover for statutory damages, attorneys' fees, and/or costs for any alleged violations of RESPA, which Carrington expressly denies.

WHEREFORE, Carrington requests that judgment be entered in its favor and against

Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**Attorney's Fees**

Carrington is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) as Plaintiffs' allegations are without merit, and/or are asserted in bad faith and for the purpose of harassment.

WHEREFORE, Carrington seeks judgment in its favor and against Plaintiffs, as well as an award of its attorneys' fees and costs, and such further relief as this Court deems just and proper.

The above Affirmative Defenses are based on the facts currently known to Carrington and Carrington reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

Dated:  April 27, 2026

**CARRINGTON MORTGAGE SERVICES, LLC**

By:/s/Reneau J. Longoria
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendant
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

15

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq. hereby certify that on April 27, 2026, I served a copy of the above document by electronic notification using the CM/ECF system and/or First-Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendant
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Gregory P. Violette
19992 Airport Road
Andalusia, AL 36421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 36421

16