IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY P. VIOLETTE, *et al.*,<br><br>    Plaintiff,<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES,<br><br>    Defendants. | )   CIVIL ACTION NO. 1:26-cv-00174-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S
OBJECTION AND RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

Defendant Carrington Mortgage Services, LLC ("Carrington"), through counsel and

pursuant to Rule 7(b) of this Court's Local Rule, objects and responds to the Motion to Remand

and for Costs and Fees [Doc. 10] ("Motion" or "Motion for Remand") filed by Plaintiffs Gregory

P. Violette and Barbara A. Violette ("Plaintiffs") for the reasons more fully set forth in the

incorporated Memorandum of Law below.

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

About two and a half weeks before Plaintiffs filed their Verified Complaint for Declaratory

and Injunctive Relief ("Complaint") in the Skowhegan District Court, Plaintiffs mailed Carrington

an unfiled copy of the Complaint with an unsigned and unsealed Summons. Carrington received

the unfiled Complaint and unsigned and unsealed Summons on February 9, 2026, just under one

week after Plaintiffs mailed them. Plaintiffs contend that Carrington's receipt of the unfiled

Complaint and unsigned and unsealed Summons should have started the 30-day time period to

remove Plaintiffs' yet-to-be-filed action to this Court. They are mistaken.

The plain language of the United States Code's statutory provisions on removal requires a

plaintiff to file their complaint **before** the 30-day period for a defendant to remove can start to run. *See* 28 U.S.C. §§ 1441(a), (d). Moreover, the United States Supreme Court has expressly held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999). Plaintiffs did not meet either requirement by mailing Carrington an unfiled copy of the Complaint and an unsigned and unsealed copy of a Summons before filing their Complaint in the state court.

As discussed more fully below, Carrington's counsel discovered that Plaintiffs filed the Complaint on March 31, 2026. Carrington filed its Notice of Removal three days later on April 3, 2026. Carrington timely filed its Notice of Removal, and this Court should deny Plaintiffs' Motion.

## II.    BACKGROUND FACTS

On February 3, 2026, Plaintiffs sent two sets of documents addressed to "P.O. Box 5001 Westfield, IN 46074" by certified mail. (ECF 9, pp. 11-12; KMH Dec., ¶¶ 5-7, Exs. A-B, D-F).[1] The first set's certified mailing card identified the recipient as "Carrington Mortgage Services LLC." (ECF 9, p. 11).  It included a Summons to Carrington and a copy of the Complaint. (KMH Dec., Ex. A).  The Summons was not signed by the state court clerk, and it did not bear the state court's seal. (*Id.*).  Neither the Summons nor the Complaint had a file stamp from the state court or a case number. (*Id.*).  The second set's certified mailing card identified the recipient as "Shirley

---

[1] Carrington attaches the Declaration of Kevin M. Hudspeth ("Declaration") as Exhibit 1 hereto. This Memorandum of Law will cite the Declaration as "KMH Dec."). Among other materials, the Declaration attaches exhibits showing publicly available information concerning the filing date of the State Court Action, tracking information for documents mailed based on tracking numbers filed in the State Court Action, and corporate filings for Carrington. (*See* KMH Dec., Exs. C-F). Carrington requests that this Court take judicial notice of the information shown by these documents as facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (c)(2).

Carrington, President."[2] (ECF 9, p. 12). It included a Summons to "Shirley Carrington, Her Bond," which was not signed by the state court clerk or sealed by the state court, and a copy of the Complaint with no file stamp or case number. (KMH Dec., Ex. B).

Plaintiffs mailed both sets of documents from Andalusia, Alabama on February 3, 2026, and Carrington received both sets of documents in Westfield, Indiana on February 9, 2026. (KMH Dec., ¶¶ 5-6, Exs. A-B, D-F). On February 10, 2026, Carrington retained the law firm of Hill Wallack LLP ("Hill Wallack") to represent it in connection with the documents received. (KMH Dec., ¶ 5). Hill Wallack could not find any record that Plaintiffs had filed the Complaint in state court and could not find any case number associated with the unfiled Complaint. (*Id.*, ¶ 8). On February 19, 2026, Hill Wallack contacted the state court clerk, whose representative advised that she also could not locate any pending lawsuit filed by Plaintiffs against Carrington. (*Id.*, ¶¶ 9-10). The clerk indicated that the only pending lawsuit with Plaintiffs and Carrington as parties was a foreclosure action filed in the Skowhegan District Court. (*Id.*, ¶ 10).

On March 31, 2026, Hill Wallack again searched online to determine whether Plaintiffs had filed the Complaint. (KMH Dec., ¶ 11). Hill Wallack discovered a record for an action filed on February 20, 2026, entitled *Gregory Violette, Barbara Violette v. Carrington Mortgage Services, LLC, Shirley Carrington*, with a case number of SKODC-REA-2026-00004 ("State Court Action"). [3] (*Id.*, ¶ 11, Ex. C). Hill Wallack consulted with Carrington and retained undersigned counsel as local counsel to defend the State Court Action and to remove the matter to this Court. (*Id.*, ¶ 13). On April 3, 2026, Carrington filed the Notice of Removal removing the

---

[2] It is not clear to Carrington who "Shirley Carrington" is or whether she is a real person. Plaintiffs' Complaint does not reference her in the Parties section or elsewhere in the substantive body of the Complaint. (*See generally* ECF 1-2).

[3] Plaintiffs' Motion contends without any support that Plaintiffs filed the Complaint on February 3, 2026. (Mot., p. 2, ¶ 1). The state court's record filed with this Court on April 21, 2026, indisputably shows that Plaintiffs filed the Complaint on February 20, 2026. (ECF 9, p. 3).

State Court Action to this Court. (ECF 1). Carrington filed the Notice of Filing the Notice of Removal in the state court on April 6, 2026. (KMH Dec., ¶ 14). On April 21, 2026, Plaintiffs filed their Motion for Remand. (ECF 10).

## III.    ARGUMENT

The United States Code provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal." 28 U.S.C. § 1446(a). "The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.*, (b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. at 347-48. Plaintiffs do not and cannot show that they formally served Carrington with process, as required to trigger the 30-day clock for removal.

### A.    **Plaintiffs' Unfiled Complaint Did Not Trigger the Removal Deadline**.

Plaintiffs' Motion contends that "Defendants were served on [ ] February 9, 2026," and that Carrington's deadline to remove the State Court Action therefore "expired on[ ] March 11, 2026," purportedly making Carrington's Notice of Removal "23 days late." (Doc. 10, pp. 2-3) (bolding removed). Not so. Plaintiffs never properly served Carrington, as required to trigger the statutory 30-day deadline. Despite this, Plaintiffs appear to suggest that the unfiled copy of the Complaint that they mailed to Carrington started the 30-day removal clock when Carrington received the unfiled Complaint on February 9, 2026. (*Id.*). Plaintiffs misunderstand the law.

4

It is axiomatic that the 30-day statutory period to remove a case from state court to federal court cannot begin before the state court case exists. Indeed, the United States Code only allows for removal of a "civil action **brought** in a State court," and removal requires the removing party to "**file** a copy of the notice [of removal]" with the state court's clerk. 28 U.S.C. §§ 1441(a), 1446(d) (emphasis added). A plaintiff cannot have "brought" a civil action in state court without having filed it, and the defendant cannot "file" a notice of removal in the state court if no state court case exists.

Relatedly, the removal deadline itself requires service of "a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(a). In situations where state rules do not require service of the initial pleading, the 30-day deadline begins to run after service of the summons alone, but only "if such initial pleading has then been filed in court." *Id.* In other words, the rules require service of the initial pleading, which necessarily requires that the initial pleading have been filed, or, if controlling state law does not require the initial pleading to be served, then the rules require the initial pleading to be filed. *Id.* When Carrington received the copy of the Complaint (i.e., the initial-pleading-to-be) on February 9, 2026, it had not been filed, and Carrington's receipt therefore did not start the 30-day timeframe for Carrington to remove.

Notably, the Supreme Court in *Murphy* expressly held that the 30-day timeframe only begins to run upon proper service, and even *Murphy*'s dissenting opinion only argued that receipt of "a copy of the **file-stamped** complaint in its **commenced** state court action" should have triggered the removal period. *Murphy*, 526 U.S. at 357 (Rehnquist, J. dissenting) (emphasis added). Likewise, the Eleventh Circuit decision the *Murphy* Court overruled held that "the thirty-day removal period begins to run when a defendant actually receives a copy of a **filed** initial pleading." *Michetti Pipe Stringing v. Murphy Bros.*, 125 F.3d 1396, 1398 (11th Cir. 1997) (*rev'd*) (emphasis

5

added); *see also id.* at 1399 (defendants "have thirty days to remove after they see the **filed** complaint") (emphasis added). It also specified that "until it is **filed**, a draft complaint is **not** the 'initial pleading setting forth the claim for relief upon which such action . . . is based' that the defendant must receive to start the thirty-day clock." *Id.* (emphasis added). Put differently, even the authorities who argued that the rules did not require formal service to trigger the 30-day deadline still acknowledged that only receiving a **filed** copy of the complaint could start the clock.

Here, Carrington did not receive a filed copy of the Complaint – either "by service or otherwise" – until after its own counsel discovered the pending State Court Action on March 31, 2026. (KMH Dec., ¶ 11). Even if the Supreme Court did not require proper service to start the 30-day clock, which it does, the clock would not have begun to run until Carrington's counsel discovered the **filed** Complaint at the end of March. Carrington timely filed the Notice of Removal just three days later on April 3, 2026. (ECF 1).

**B.    Plaintiffs Never Properly Served Carrington.**

As noted, the Supreme Court holds that § 1446's 30-day timeframe for removal does not begin to run until the plaintiff properly serves the defendant. *See Murphy*, 526 U.S. at 347-48. Plaintiffs never properly served Carrington, either on February 9, 2026, or on any other date.

The Federal Rules of Civil Procedure require plaintiffs to serve a summons with a copy of the complaint. *See* Fed. R. Civ. Proc. 4(c)(1). The summons must "be signed by the clerk" and "bear the court's seal." *Id.*, (a)(1)(F), (G). A plaintiff may serve a corporation by (1) "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made;" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.*, (e)(1), (h).

To serve a corporation in Maine, the plaintiff must "deliver[ ] a copy of the summons, complaint, and notice regarding Electronic Service to any officer, director or general agent." Me. R. Civ. Proc. 4(d)(8). If the plaintiff cannot find an officer, director, or general agent, it may deliver copies of the required materials to "any person in the actual employment of the corporation." *Id.* Alternatively, the plaintiff may also deliver the required materials to "any agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the corporation." *Id.* In Indiana, the plaintiff may serve a corporation by "sending a copy of the summons and complaint by registered or certified mail" to "an executive officer" or "an agent appointed or deemed by law to have been appointed to receive service." Ind. R. Civ. Proc. 4.6(A)(1), 4.6(B).

Here, Plaintiffs sent a copy of a Summons unsigned by the state court clerk and without any seal along with an unfiled copy of the Complaint by certified mail addressed to "Carrington Mortgage Services, LLC" at P.O. Box 5001, Westfield, Indiana 46074. Importantly, the defects in the Summons alone – i.e., the lack of both the state court clerk's signature and the state court clerk's seal (KMH Dec., Ex. A) – rendered service defective. *See* Fed. R. Civ. Proc. 4(a)(1)(F), (G), (c)(1). Moreover, Plaintiffs' certified mailing did not meet the personal service requirements of either Maine or Federal Rule 4(h)(1)(B). Even to the extent that Indiana law may in some circumstances allow for service on corporations by certified mail, Plaintiffs mailed the documents to Carrington at a post-office box in Indiana, not to Carrington's registered agent in Indiana or any address listed in Carrington's corporate filings with the Indiana Secretary of State. (*Id.*, Ex. F).

Thus, the 30-day deadline for removal could not have expired before Carrington filed the Notice of Removal, because Plaintiffs never properly served Carrington with the filed Complaint as the Supreme Court requires to trigger the 30-day deadline clock. *See Murphy*, 526 U.S. at 351. This Court should deny Plaintiff's Motion for Remand for these reasons.

7

C.    **Removal Is Proper Under § 1331.**

Plaintiffs alternatively argue that removal is not proper under 28 U.S.C. § 1331 based on their claims asserting alleged violations of 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"). (ECF 10, pp. 3-4). Plaintiffs' argument fails.

According to Plaintiffs, "[t]his action is fundamentally a **state-law property and standing dispute**." (ECF 10, p. 3) (emphasis in original). More specifically, Plaintiffs say, "[t]he claims arise under . . . Maine declaratory judgment law [and] Maine property law." (*Id.*, p. 4). Plaintiffs assert that "[a]ny references to federal statutes (FDCPA, RESPA, TILA) do not automatically create federal jurisdiction," because "[t]hey are asserted as part of a broader state-law claim [and] [t]hey do not present a substantial federal question." (*Id.*).

Initially, Plaintiffs' description of their Complaint is – at best – disingenuous. Plaintiffs devote an entire count of the Complaint to "FDCPA Violations." (ECF 1-1, p. 3). They devote another count of the Complaint to "RESPA Regulation X Violations." (*Id.*, pp. 3-4). They also specifically ask the Court to "[a]ward statutory damages under FDCPA and RESPA." (*Id.*, p. 4). Plaintiffs argument that two counts expressly brought under federal statutes that request relief provided for under federal law are somehow only "asserted as part of a broader state-law claim" and "do not present a substantial federal question" is without merit. (ECF 10, p. 4).

Further, in addition to misrepresenting the allegations raised and relief sought in their Complaint, Plaintiffs also misunderstand the applicable law. Although Plaintiffs are correct that a mere reference to federal law alone does not establish federal question jurisdiction, a "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right

8

to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). This remains true "[e]ven though state law creates [the] causes of action." *Id.*

Here, Plaintiffs allege that Carrington failed to provide "[d]isclosures required under **FDCPA, TILA,** and **RESPA Regulation X**," and failed to meet statutory deadlines mandated under federal law in connection with such disclosures. (ECF 1-1, p. 2, ¶¶ 7-8) (emphasis in original). Count III of the Complaint alleges that (1) Carrington "is a 'debt collector' as defined by the FDCPA;" (2) Plaintiffs "timely disputed the alleged debt in writing;" and (3) Carrington "failed to validate the debt and continued to assert enforcement rights, in violation of federal law." (*Id.*, p. 3). Count IV of the Complaint alleges that "Plaintiff[s'] written notice constituted a Qualified Written Request and/or Request for Information," and that "Carrington failed to respond within required statutory timeframes." (*Id.*, p. 4). Presumably in connection with those counts, the Complaint requests "statutory damages under FDCPA and RESPA." (*Id.*).

Consequently, even if Counts III and IV – entitled, respectively, "FDCPA Violations" and "RESPA Regulation X Violations" – somehow arose under "Maine declaratory judgment law" and "Maine property law" instead of under the FDCPA and RESPA, as Plaintiffs incredibly contend, they still require resolution of substantial questions of federal law. As just a few examples, Counts III and IV require this Court to resolve whether Carrington meets the definition of a debt collector under the FDCPA, whether Carrington violated federal law by allegedly "fail[ing] to validate the debt," whether Plaintiffs' alleged communications constituted qualified written requests under RESPA, and whether Carrington did not meet federal deadlines when responding to the alleged communications. (ECF 1-2, pp. 3-4). Thus, this Court has original jurisdiction under § 1331. *See Franchise Tax Bd.*, 463 U.S. at 13.

### D.      Removal Is Proper Under § 1332.

Finally, Plaintiffs overlook that Carrington also removed the State Court Action based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF 1, ¶ 8). As outlined in its Notice of Removal and Supplement to Notice of Removal, Plaintiffs are citizens of either Alabama or Maine, Carrington is not a citizen of either of those states, and the amount in controversy exceeds $75,000. (ECF 1, ¶¶ 8-16; Doc. 7, ¶¶ 6-11). Thus, even if this Court did not have original jurisdiction under § 1331, which it does, the Court also has original jurisdiction under § 1332. Removal is proper.

## IV.      CONCLUSION

For all these reasons, Carrington respectfully requests that this Court deny Plaintiffs' Motion for Remand and grant such additional relief as it considers appropriate.

Dated:  May 12, 2026                         **CARRINGTON MORTGAGE SERVICES, LLC**

By:/s/Reneau J. Longoria
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendant
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

10

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq. hereby certify that on May 12, 2026, I served a copy of the above document by electronic notification using the CM/ECF system and/or First-Class Mail to the following:

/s/Reneau J. Longoria
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Defendant
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Gregory P. Violette
19992 Airport Road
Andalusia, AL 36421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 36421