UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GREGORY P. VIOLETTE, and          )
BARBARA A. VIOLETTE,              )
                                 )
      Plaintiffs,                )
                                 )
      v.                         )          No. 1:26-cv-00174-JAW
                                 )
CARRINGTON MORTGAGE              )
SERVICES, LLC, et al.,           )
                                 )
      Defendants.                )

**ORDER ON MOTION TO REMAND**

Plaintiffs seek to remand the case to state court, arguing defendants' notice of removal was untimely, and they demand costs and fees for allegedly improper removal. Because the court concludes that plaintiffs never formally served the defendant, the removal statute's thirty-day window did not begin to run, and defendants' removal was timely. Thus, the court denies plaintiffs' remand motion and motion for costs and fees.

**I.     PROCEDURAL BACKGROUND**

On February 20, 2026, Plaintiffs Gregory P. Violette and Barbara A. Violette (Plaintiffs) filed a verified complaint for declaratory and injunctive relief in the Skowhegan District Court, Somerset County, against Carrington Mortgage Services, LLC (Carrington). *Notice of Removal* (ECF No. 1), Attach. 1, *Verified Compl. For Decl. and Inj. Relief.* (*Compl.*).[1]

---

[1]     The complaint states Plaintiffs bring this action against "Defendants Carrington Mortgage Services, LLC (Carrington), and Shirley Carrington, President, Her Bond John Doe One." *Compl.* at 1. There is no evidence that Shirley Carrington has been served, who John Doe One is, and that he

On April 3, 2026, Carrington filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1331, 1332. *Notice of Removal.* The notice of removal explained that "[n]o process, pleadings, or orders have yet been served" upon Carrington in the state court action nor has Shirley Carrington and or a John Doe One been properly joined or served. *Id.* ¶¶ 6-7. On April 9, 2026, Carrington filed a supplemental notice of removal outlining how the Court has diversity jurisdiction. *Suppl. to Notice of Removal* (ECF No. 7).

On April 21, 2026, Plaintiffs filed a motion to remand, *Pls.' Mot. to Remand and For Costs and Fees* (ECF No. 10) (*Pls.' Remand Mot.*), which Carrington responded to on May 12, 2026. *Def. Carrington Mortg. Servs., LLC's Obj. and Resp. to Pls.' Mot. to Remand* (ECF No. 14) (*Carrington's Opp'n*). On May 27, 2026, Plaintiffs filed a reply and a motion for costs and fees. *Pls.' Reply in Support of Mot. to Remand and for Costs and Fees* (ECF No. 16) (*Pls.' Reply*); *Mot.* (ECF No. 17).

## II. PARTIES' POSITIONS

### A. Plaintiffs' Motion for Remand

Plaintiffs contend remand is necessary because Carrington removed the action on April 3, 2026, well beyond the thirty-day statutory deadline under 28 U.S.C. § 1446. *Pls.' Remand Mot.* at 1. As the Plaintiffs see it, they filed their verified state court complaint on February 3, 2026, they served defendants with the complaint on February 9, 2026, and then Carrington filed the notice of removal 53 days after

---

has been served. Although Ms. Carrington and Mr. Doe appear in the case caption, there are no allegations against either individual in the body of the complaint. Indeed, the "Parties" section of the complaint, which describes the parties, mention only Carrington and do not refer either to Ms. Carrington or Mr. Doe.

service on April 3, 2026. *Id.* at 2. Plaintiffs also contend that federal jurisdiction is improper because their case involves state law claims, and they seek fees and costs under 28 U.S.C. § 1447(c). *Id.* at 3-4. Plaintiffs ask the Court to remand the case to the state court and to award "costs and expenses incurred as a result of the improper removal." *Id.* at 4.

### B.    Carrington Mortgage Services LLC's Response

Carrington argues that the thirty-day clock did not begin on February 9, 2026 because Plaintiffs failed to meet the removal statute's procedural requirements, which trigger the start date for the thirty day removal period, when they merely mailed Carrington an unfiled copy of the complaint and an unsigned and unsealed copy of a summons before filing their complaint in state court. *Carrington's Opp'n* at 1-2. Carrington argues "[i]t is axiomatic that the 30-day statutory period to remove a case from state court to federal court cannot begin before the state court case exists." *Id.* at 5. Carrington also argues that Plaintiffs never properly served Carrington. *Id.* at 6-7. Responding to Plaintiffs' alternative argument, Carrington contends that removal is proper under 28 U.S.C. § 1331 because the complaint arises under federal law. *Id.* at 8-9. Carrington points out that removal is also proper under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. *Id.* at 9.

### C.    Plaintiffs' Reply

Plaintiffs argue that Carrington's improper service argument fails because "[s]ervice was completed, proof of service exists, and Defendants were fully aware of the claims asserted against them." *Pls.' Reply* at 3. Plaintiffs maintain that

3

references to federal statues do not create federal question jurisdiction because they "are asserted within broader state-law claims and do not present a substantial federal issue sufficient to confer original federal jurisdiction." *Id.* at 4.  Plaintiffs also argue that even if parties are diverse and the minimum amount in controversy is met, diversity jurisdiction cannot cure untimely removal. *Id.* at 5.  Finally, Plaintiffs argue they are entitled to costs and expenses because Defendant lacked "an objectively reasonable basis" for removal. *Id.*

## III.    LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1446, which states that a defendant may remove any civil action from a state court by filing a signed notice of removal along with a copy of all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* § 1446(b)(1).

A motion to remand a case to state court is governed by 28 U.S.C. § 1447, which states that such a  motion "must be made within 30 days after the filing of the notice of removal" and a remand order "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.

## IV.    DISCUSSION

### A.    Federal Jurisdiction

As a threshold matter, removal of an action from state court to federal court is proper only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[R]emoval statutes are strictly construed" and the removing party bears "the burden of showing the federal court's jurisdiction." *Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). Ambiguities "as to the source of law relied upon by the . . . plaintiffs ought to be resolved against removal." *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004). Carrington asserts that the Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction and under § 1332 based on diversity jurisdiction. *Notice of Removal* at 1-3; *Suppl. to Notice of Removal* at 1-2.

### 1.    Federal Question Jurisdiction

Carrington argues that the complaint asserts claims arising under federal law. *Notice of Removal* ¶ 2; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Plaintiffs' complaint asserts two federal claims: Count III asserts a claim for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692g, 1692e, and Count IV asserts a claim for violation of Real Estate Settlement Procedures Act (RESPA) Regulation X, 12 C.F.R. §§ 1024.35 and 1024.36. *Compl.* at 3-4. Plaintiffs argue that these references do not automatically create federal jurisdiction, *Pls.' Remand Mot.* at 4, and while Carrington agrees in theory, *Carrington's Opp'n* at 8 ("Plaintiffs are correct that a mere reference to federal law

alone does not establish federal question jurisdiction"), they insist that this case clearly arises under federal law because Counts III and IV "still require resolution of substantial questions of federal law." *Id.* at 9.

The Court agrees with Carrington. Count III and IV are standalone federal claims, based on federal law, which easily meets the Supreme Court's requirement that a substantial federal question appear on the face of the plaintiff's pleadings. *See Caterpillar Inc.*, 482 U.S. at 392.

### 2.   Diversity Jurisdiction

Carrington also asserts that removal is also proper under 28 U.S.C. § 1332 based on diversity jurisdiction. *Notice of Removal* at 1-3; *Suppl. to Notice of Removal* at 1-2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiffs do not concede that diversity conditions are met, *Pls.' Reply* at 5, but Carrington has set forth a sufficient basis for diversity jurisdiction. *Notice of Removal* at 1-3; *Suppl. to Notice of Removal* at 1-2. Plaintiffs are citizens of Alabama. *Suppl. to Notice of Removal* ¶¶ 3-4; *id.* Attach. 1, *Pls.' Mot. to Remand to the Covington Cnty. Ala. Cir. Ct.* at 3. Carrington is a Delaware limited liability company whose citizenship is determined by the citizenship of its members who are not citizens of Alabama. *Suppl. to Notice of Removal* ¶¶ 5-11.

Finally, in their prayer for relief, the Plaintiffs are demanding that Carrington be enjoined from foreclosure or enforcement activity pending compliance. *Compl.* at 6. In its answer, Carrington asserts that the mortgage in question secures a loan

6

dated April 9, 2021 evidenced by a promissory note in the amount of $154,000. *Def. Carrington Mortg. Servs., LLC's Answer and Aff. Defenses to Compl.* at 6 (ECF No. 12). The Plaintiffs have not questioned whether the $75,000 amount in controversy requirement has been met, and based on the pleadings, the Court concludes that it has. Thus, the Court agrees with Carrington that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(1).

Concluding that there are two bases for federal jurisdiction, the Court turns to the timeliness of the removal, which Plaintiffs vigorously oppose. *Pls.' Remand Mot.* at 1-3; *Pls.' Reply* at 2-4.

### B.    Timeliness

Plaintiffs' central argument is that Carrington's removal is untimely because, in their view, they "served" Carrington on February 9, 2026 and thus Carrington's removal on April 3, 2026 was 23 days past the thirty-day period set forth in 28 U.S.C. § 1446(b)(1), the federal removal statute. *Pls.' Remand Mot.* at 2-3. Carrington disagrees, stating that Plaintiffs never properly served them and thus the thirty-day clock did not begin. *Carrington's Opp'n* at 4. Indeed, Carrington's opposition demonstrates that Plaintiffs did not "serve" them but merely sent a courtesy copy of the complaint, which was not filed the day it was sent, accompanied by an unsigned and unsealed copy of the summons. *Id.*, Attach. 1, *Ex. A* (*Carrington Summons and Courtesy Compl*).

Carrington has met its burden to demonstrate the removal is proper. *Iturrino Carrillo v. Marina Puerto del Rey Operations, LLC*, 432 F. Supp. 3d 7, 12 (D.P.R.

2019).  Carrington explains that on February 3, 2026, Plaintiffs mailed a copy of a summons to Carrington and a copy of the complaint, but the summons was not signed by the state court clerk nor did it bear the state court's seal, and neither the summons nor the complaint had a file stamp from the state court or a case number. *Carrington's Opp'n* at 2; *Carrington Summons and Courtesy Compl.*[2]  Carrington received these unsigned documents on February 9, 2026 and promptly hired legal counsel to investigate any pending case. *Id.* at 3.  On February 10, 2026, Carrington's counsel searched for records of a complaint filed in state court, but found nothing, and on February 19, 2026, Carrington's counsel called the state court clerk who also could not find any pending case filed by Plaintiffs against Carrington. *Id.*  On March 31, 2026, Carrington's counsel again sought to determine whether Plaintiffs had filed a complaint and discovered a record for an action filed on February 20, 2026. *Id.* Three days later, on April 3, 2026, Carrington filed the notice of removal, removing the case to this Court, and on April 6, 2026, Carrington filed the notice of removal in state court. *Id.* at 3-4.

---

[2]    The docket contains at least two copies of the Carrington civil summons.  One is the unsigned and unstamped version attached to Carrington's opposition to Plaintiffs remand motion, *see Carrington Summons and Courtesy Compl.*, the other is the stamped and signed copy of the Carrington civil summons as it appears in the state court record. *State Ct. R.* at 9 (ECF No. 9).  The Carrington civil summons from the state court record is stamped "Somerset County Court Feb 20 '26 PM 1:46," and the Plaintiffs' signature at the bottom is dated February 3, 2026. *Id.*  There is a faint photocopy mark of the seal of the court and a signature of the Clerk. *Id.*  The Court gathers that Plaintiffs filled out the civil summons document on February 3, 2026, which is consistent with Carrington's assertion that Plaintiffs sent the civil summons that date. *Carrington's Opp'n* at 2.  It appears, therefore, that the Plaintiffs sent Carrington a naked courtesy copy of the summons on February 3, 2026.  The Court is unclear how the Clerk's signature and seal were affixed to the summons the Plaintiffs filed with the Somerset County Court on February 20, 2026.  At least the record before the Court does not offer an explanation.

In the Court's view, based on the record before it, Plaintiffs failed to properly commence a lawsuit against Carrington in Maine state court.  Under Maine law,[3] a plaintiff may commence a lawsuit in one of two ways: (1) "service of a summons, complaint, and notice regarding Electronic Service" and (2) "filing a complaint with the court."  ME. R. CIV. P. 3; *see* 2 CHARLES HARVEY, ME. CIVIL PRACTICE, 129-32 (3d ed. 2023) (describing the general procedure for commencing a civil action under Maine law) (HARVEY).  If a plaintiff proceeds with service first, the plaintiff must file the complaint within twenty days of the completion of service of process.  *Id.*  If a plaintiff files the complaint first, service of process must be completed within ninety days of the date the complaint was filed.  *Id.*

Here, it appears Plaintiffs elected to proceed with service first, since they mailed Carrington a copy of the verified complaint two and a half weeks before they filed the complaint in the Skowhegan District Court.  *See Carrington's Opp'n* at 1.  To be effective, a plaintiff must comply with the requirements of Rule 4 in effecting service of process.  *See* ME. R. CIV. P. 4.  Rule 4(a) contains the requirements for a summons:

> The summons shall bear the signature or facsimile signature of the clerk; be under the seal of the court; contain the name of the court and the names of the parties; be directed to the defendant; state the name and address, including email address, of the plaintiff's attorney and the time within which these rules require the defendant to appear and defend; and shall notify the defendant that in case of failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.

---

[3]    Maine law is unlike federal law in this regard.  Under federal law, "[a] civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3.

ME. R. CIV. P. 4(a).[4]

Most courts that have reached this issue have concluded that a summons without the clerk's signature and without the seal of the clerk of court is defective and service on a defendant is insufficient to confer jurisdiction. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant"); *Harper v. City of New York*, 09-cv-05571 (JG)(SMG), 2010 U.S. Dist. LEXIS 122184, at *28-29 (E.D.N.Y. Nov. 17, 2010) (holding that service of a summons not signed by the clerk and not bearing the court seal was insufficient to confer personal jurisdiction over defendant), *aff'd* 424 F. Appx. 36, 39-40 (2d Cir. 2011); *Stanley v. Atrium Health*, 3:22-cv-006810RJC-DCK, 2023 U.S. Dist. LEXIS 177300, at *2-3 (W.D.N.C. Sept. 20, 2023) (same); *Galynsky v. Thomas*, No. H-24-202, 2024 U.S. Dist. LEXIS 249893, at *6 (S.D. Tx. Nov. 19, 2024) ("[A] summons that does not contain the clerk's signature and the court's seal is void"); *but see Doyle v. YMCA of New Hampshire*, 560 F. Supp. 3d 499, 502 (D.N.H. 2021) (concluding that although "the summonses . . . do not include the clerk's signature or the court's seal . . . given that defendant received actual notice of the complaint and an extension of time to respond thereto, the court fails to see how any of these defects could be prejudicial").[5]

---

[4]   Federal Rule of Civil Procedure 4(a) contains identical requirements that the summons be signed by the clerk and that it bear the court's seal. FED. R. CIV. P. 4(a)(1)(F-G).

[5]   The Court distinguishes *Doyle* on the grounds that *Doyle* involved a Rule 12(b)(4) motion to dismiss, which is "'granted only when the defect is prejudicial to the defendant' . . . [a]nd given that" the defendant in *Doyle* "received actual notice of the complaint and an extension of time to respond thereto, the court fail[ed] to see how any of these defects could be prejudicial." *Id.* (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004)).

"The summons, bearing the signature or facsimile signature of the clerk and the seal of the Superior Court, is the formal document notifying the defendant of the commencement of the action." HARVEY, 148. The Court concludes that the Plaintiff must comply with each of the elements of Rule 4(a), including the requirements that the summons must contain the clerk's signature or facsimile signature and the seal of the court, in order to commence an action in Maine courts. Otherwise, the recipient might draw the misimpression that the Plaintiff is merely sending them a courtesy copy of a complaint that might or might not be filed in the future, and not that the failure to respond will result in a "judgment of default." ME. R. CIV. P. 4(a). The burden to establish proper service of process rests with the Plaintiffs and the Court concludes that the Plaintiffs did not properly commence the civil action against Carrington on February 3, 2026. Where this leaves the pending lawsuit is not clear, since Carrington has answered, but it does establish that the thirty-day period under 28 U.S.C. § 1446(a) to file the notice of removal did not commence on February 9, 2026 when Carrington received the naked summons.

As the record does not contain evidence that Plaintiffs properly made service of process in early February 2026, their argument about Carrington's late notice is foreclosed by *Murphy Brothers, Incorporated v. Michetti Pipe Stringing, Incorporated*, 526 U.S. 344, 347-48 (1999). There, the Supreme Court held that the "mere receipt of the complaint unattended by any formal service" does not trigger the defendant's time to remove. *Id.* at 348. Since *Murphy Brothers*, the Court of Appeals for the First

---

Because Carrington's motion discusses defective summonses in the context of removal, which, unlike Rule 12(b)(4) does not primarily concern notice and prejudice, the Court distinguishes *Doyle*.

11

Circuit has followed suit. *See Novak v. Bank of N.Y. Mellon Tr. Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) ("Construing the relevant statute, 28 U.S.C. § 1446(b)(1), the Supreme Court has held that a defendant's statutory period to remove does not begin to run, and a defendant is not <u>required</u> to remove, until the defendant has been served") (emphasis in original) (citing *Murphy Bros.*, 526 U.S. at 347-48); *Danca*, 185 F.3d at 5. Because Carrington was not formally served, its removal on April 3, 2026 was timely. *Beer v. Toyota Motor Corp.*, No. 2:24-CV-00197-LEW, 2024 U.S. Dist. LEXIS 141634, at *8 n.4 (D. Me. Aug. 9, 2024).

## V.    CONCLUSION

The Court DENIES Gregory P. Violette and Barbara A. Violette's Motion to Remand and For Costs and Fees (ECF No. 10) and Motion for Costs and Fees (ECF No. 17).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2026.